IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAIMIE LINTON,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT HERTZ, *Individually and in his official capacity as Sheriff of Madison County, Illinois*, MADISON COUNTY SHERIFF'S OFFICE and MADISON COUNTY, ILLINOIS,<br><br>     Defendants. | Case No. 13-cv-1233-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Robert Hertz, Madison County Sheriff's Office, and Madison County, Illinois' ("Madison County") (collectively "Defendants") Partial Motion to Dismiss (Doc. 14).  Plaintiff Jaimie Linton filed a response (Doc. 15) to which Defendants replied (Doc. 16).  For the following reasons, the Court grants in part and denies in part Defendants' motion.

During the relevant time period, Plaintiff was a secretary for the Madison County Sheriff's Department and Defendant Robert Hertz was one of her direct supervisors.  In her Complaint, Plaintiff  alleges that Hertz falsely accused her of having an extra-marital affair, accused her of having a "secret life," monitored and scrutinized her phone calls and threatened her job based on his false beliefs of the affair.  Plaintiff also alleges that Hertz demanded that she be available to him by telephone and e-mail during her family vacations and that he would send abusive emails to her while he was on his own vacations.  Plaintiff further alleges that Hertz would make inappropriate hand gestures in front of male employees after she left a room

indicating he wanted to grab her breasts or that he was unzipping his pants. Ultimately, after an investigation of Plaintiff's allegations began, she was transferred to the probation department.

Plaintiff filed her Amended Complaint alleging the following causes of action: (1) Count I - Title VII sexual harassment/hostile work environment against all Defendants; and (2) Count II – intentional infliction of emotional distress ("IIED") against Hertz. Defendants filed their Motion to Dismiss arguing (1) Plaintiff's Title VII claim against Madison County and Hertz must be dismissed because neither Madison County nor Hertz employed Plaintiff; (2) the punitive damages demand against Defendants in Count I must be dismissed because punitive damages are not recoverable against government entities; and (3) the IIED claim against Hertz must be dismissed because Hertz is immune from liability pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act and the Amended Complaint fails to allege sufficient facts to state an IIED claim.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

## Count I

Defendants first argue that both Hertz and Madison County must be dismissed because neither defendant is an "employer" within the meaning of Title VII. Under Title VII, only an "employer" is a proper defendant. *Carver v. Sheriff of LaSalle Cnty., Ill.*, 243 F.3d 379, 381 (7th Cir. 2001). "Employer" is defined as the employing entity, not the individual supervisors or other natural persons. *Id.*; *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). As such, Hertz, in his individual capacity is not a proper defendant. Accordingly, the Court dismisses Plaintiff's Title VII claim against Hertz in his individual capacity. However, Defendants' motion is denied as to the Title VII claim asserted against Hertz in his official capacity.

It is well settled that Illinois sheriffs' offices are separate from the county. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). As such, Madison County is not Plaintiff's "employer." Plaintiff seems to concede as much in her response. However, she contends that Madison County must be maintained as a defendant in the instant Title VII claim for indemnity purposes.

The Seventh Circuit has found:

> a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. *See* Fed. R. Civ. P. 17, 19. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation.

*Carver*, 324 F.3d at 948. As such, while Madison County is not an "employer" for purposes of Title VII, it is nonetheless a "necessary" party because it would be required to pay any damages under Illinois law. Accordingly, the Court denies Defendant Madison County's motion to dismiss Count I.

Next, Defendants contend that Plaintiff's punitive damages demand set forth in Count I must be dismissed because municipalities, including individual officers in their official

3

capacities, are immune from punitive damages. Plaintiff concedes in her response that the Sheriff's Office of Madison County is immune from punitive damages. However, she contends that a demand for punitive damages against Hertz, individually, is appropriate. However, since Hertz individually is not an appropriate party to Plaintiff's Title VII claim, the Court grants Defendants' motion to dismiss Plaintiff's punitive damages demand from Count I of the Amended Complaint.

## Count II

Next, Defendant Hertz argues that Plaintiff's IIED claim must be dismissed because it is barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act and it fails to state a claim. Plaintiff counters that the terms of the statute do not apply to this case because "[s]exual harassment in the workplace is not exercising discretion or making a policy judgment."

Section 201 provides as follows:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201. "[T]he statute is concerned with both *the type of position* held by the employee and *the type of action* performed or omitted by the employee." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1998). If Section 201 applies, even willful and wanton misconduct is immune. *Ries v. City of Chi.*, 950 N.E.2d 631, 641 (Ill. 2011) (quoting *In re Chi. Flood Litig.*, 680 N.E.2d 265, 273 (Ill. 1997)). The policy consideration behind Section 201 is that "[public] officials should be allowed to exercise their judgment in rendering decision without fear that a good-faith mistake might subject them to liability." *Harrison v. Hardin Cnty. Comm. Unit Sch. Dist. No.1*, 758 N.E.2d 848, 852 (Ill. 2001). Because Section 201 is in

derogation of common law, it must be strictly construed against Hertz. *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 286 (Ill. 2003).

The parties do not dispute that the type of position held by Hertz involved the determination of policy or the exercise of discretion. They do, however, dispute whether the type of action at issue in this case entitles Hertz to immunity. The type of action must have involved both policy making and the exercise of discretion for Section 201 immunity to apply. *Harrison*, 758 N.E.2d at 852. A policy choice "require[s] the governmental entity or employee to balance competing interests and to make a judgment call as to what solutions will best serve each of those interests." *Id.*; *Harinek*, 692 N.E.2d at 1181. A discretionary act is "unique to a particular public office." *Harrison*, 758 N.E.2d at 852.

Here, Defendant frames his conduct as his "treatment of Plaintiff in her capacity as Sheriff Hertz's secretary and during her employment by the Sheriff's Office" thus making his acts towards Plaintiff the determination of policy (Doc. 16, p. 4). This argument fails. The actions alleged in this case do not constitute policymaking. Similarly, the alleged acts would not be unique to Hertz's office. Accordingly, the Court finds that Plaintiff's IIED cause of action is not barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

Defendants next argue that Plaintiff's Amended Complaint fails to state an IIED claim. To state a claim for IIED under Illinois law, the plaintiff must allege that "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen-El v. Cook Cnty. Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992)).

"Illinois courts have been hesitant to find intentional infliction of emotional distress in the workplace because, 'if everyday job stress resulting from discipline, personality conflicts, job

transfers or even termination could give rise to a cause of action for [IIED], nearly every employee would have a cause of action.'" *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 605 (7th Cir. 2006) (quoting *Graham v. Commonwealth Edison Co.* 742 N.E.2d 858, 867 (Ill. 2000)). Illinois Courts, however, have found extreme and outrageous conduct in the workplace where an employer "clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment." *Honaker v. Smith*, 256 F.3d 477, 491 (7th Cir. 2011).

Here, Plaintiff has alleged actions which go beyond "typical disagreement or job-related stress." Rather, she alleges that Hertz accused her of extra-marital affairs with co-workers, took actions out of a jealous rage and conducted unfounded investigations on her using the sheriff department's resources. These allegations do not constitute typical workplace annoyances.

Defendants also contend that Plaintiff failed to sufficiently allege facts showing Hertz knew there was a high probability that his conduct would cause severe emotional distress. Plaintiff, however, has alleged that she "told [] Hertz what he was doing was not right and he said he knew that and that it scared him" (Doc. 10, p. 8). Plaintiff also told Hertz "that his accusations were out of line and she was extremely angry." Plaintiff further alleges that Hertz continued his harassing behavior with full knowledge that his actions were causing extreme distress to Plaintiff. Accordingly, Plaintiff has alleged sufficient facts indicating that Hertz knew there was a high probability that his conduct would cause severe emotional distress.

Finally, Plaintiff must plead facts indicating she suffered severe emotional distress. In that regard, she has alleged that she "had tears in her eyes because [Hertz] had emailed her, while he was out of town on a personal vacation" (Doc. 10, p. 11). Further, Plaintiff informed Madison County Sheriff's Deputy Brad Wells that she felt "harassed, bullied, and intimidated" (Doc. 10, p. 12). As such, Plaintiff has sufficiently alleged that she suffered severe emotional distress.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (Doc. 14).  Specifically, the Court:

- **GRANTS** the motion to the extent it dismisses Plaintiff's Count I Title VII claim against Defendant Robert Hertz in his individual capacity; and
- **DENIES** (1) the motion as to Count I and Defendant Madison County, Illinois; and (2) the motion as to Count II in its entirety.

**IT IS SO ORDERED.**

**DATED:** January 7, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
